

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

|  |  |  |
|---|---|---|
| LFP Internet Group, LLC, | * | MC-10-  $\lfloor\partial\, 3$ |
|  | * |  |
| Plaintiff, | * |  |
|  | * | **BRIEF IN SUPPORT OF MOTION TO** |
| vs. | * | **QUASH AND OBJECTIONS TO** |
|  | * | **SUBPOENA** |
| DOES 1-3,120, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMES NOW Midcontinent Communications, Inc., a non-party to the above-entitled matter, which has received a copy of a document purporting to be a Subpoena in a Civil Action to produce and permit inspection and copying of documents or objects, and respectfully submits this Brief in Support of its Motion to Quash and Objections to that Subpoena.

## Factual Background

Midcontinent Communications, Inc., is a telecommunications company located in Sioux Falls, South Dakota, and its records are also maintained in Sioux Falls. *See* Johnson Aff. at ¶ 2. It provides internet access to customers, *i.e.*, it is an internet service provider (ISP). *Id.* Midcontinent received correspondence and subpoena from an action titled, *LFP Internet Group, LLC v. Does 1-3,120. Id.* at ¶ 4 & Exhibit A. This subpoena was not accompanied by any witness fee or payment for the costs of compliance, *e.g.*, retrieving information, copying, etc. *Id.* at ¶ 5. This subpoena was not served under the Federal Rules of Civil Procedure, but was simply sent to Midcontinent by certified mail.

*Id.* at ¶ 4. It was not personally delivered to an officer, managing or general agent of Midcontinent. *Id.*

The subpoena commands Midcontinent to produce information, including names, addresses, telephone numbers, e-mail addresses and Media Access Control addresses, sufficient to identify and contact all persons with certain IP addresses. *Id.* at ¶ 4 & Exhibit A. The subpoena requests this information in connection with seventeen (17) IP addresses. *Id.* at Exhibit A. The subpoena is captioned under the authority of the United States District Court for the Northern District of Texas. *Id.* Midcontinent has not been served with any subpoena from this Court or any other South Dakota court with respect to the information sought. *Id.* ¶ 4. Under Midcontinent's own policy, it cannot provide its customer information to third parties without a valid court order or subpoena. *Id.* at ¶ 6 & Exhibit B.

This subpoena arises from a *John Doe* action. The docket proceedings in this underlying action show LFP Internet Group, LLC alleges it is the author and copyright owner of a motion picture, "*This Ain't Avatar* XXX," and that unknown individuals are violating its copyright in that motion picture through the internet. To protect its copyright and recover damages, LFP Internet Group, LLC has initiated this *John Doe* action in order to gain the knowledge of the identities of individuals who it believes has violated its copyright in this fashion. Because the action is in the nature of a *John Doe* action, LFP Internet Group, LLC sought and received an order from the District Court for the Northern District of Tecas, allowing it to undertake discovery prior to a Rule 26(f) parties' planning meeting in order to discover the identities of unknown defendants.

2

Midcontinent has moved to quash the subpoena because it was not properly served, the subpoena is from a court which does not have jurisdiction over Midcontinent, and it was sent to Midcontinent without payment of any witness fee or reimbursement of Midcontinent for its time and expense in producing the requested information.

## Legal Authorities and Argument

Midcontinent is not a party to the action in the Northern District of Texas, nor has the Texas District Court jurisdiction over Midcontinent. *See e.g., United States v. B.H.*, 456 F.3d 813, 817 (8th Cir. 2006); *In re Baycol Prods.*, 2004 WL 1058105 (D. Minn. May 3, 2004) (citing *Hartland v. Alaska Airlines,* 544 F.2d 992, 1002 (9th Cir.1976) (stating any attempt to reach persons who are not proper parties without service of process "is beyond the court's power"); *In re Linerboard Antitrust Litig.,* 292 F.Supp.2d 644, 664 (E.D.Pa.2003) (finding the court lacked jurisdiction over cases not formally transferred into the MDL, and refusing to order sequestration of funds from settlements and other recoveries in untransferred cases).

Rule 45(a)(2), under which subpoenas are issued, provides that a subpoena for production of documents may issue from the court for the district where the production is to be made. Since the information requested is located in Midcontinent's office in Sioux Falls, South Dakota, a subpoena to retrieve that information would have to come from this Court, not a Texas District Court. *See* FED.R.CIV.P. 45(a). *See also Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*, 33 Fed.Appx. 26, 28, 2002 WL 537652, *2 ( 3rd Cir. 2002) ("a subpoena duces tecum issued by a federal court cannot be served upon a nonparty for the production of documents located outside the geographic boundaries specified in Rule 45"); *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2

3

F.3d 1397, 1406 (5th Cir.1993), *cert. denied*, 510 U.S. 1073 (1994) ("a federal court

sitting in one district cannot issue a subpoena duces tecum to a non-party for the

production of documents located in another district"); *Myles v. Dierberg's Markets, Inc.*,

2009 WL 3414903, *1 (E.D. Mo. Oct. 22, 2009) ("a Rule 45 subpoena *duces tecum*

issued from this Court for the production of documents located in other districts would be

invalid"); *Crafton v. U.S. Specialty Ins. Co.,* 218 F.R.D. 175, 177 (E.D.Ark. 2003)

(denying motion to compel compliance with subpoena issued in Arkansas for production

of documents located in Wisconsin); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.,* 227

F.R.D. 374, 380-81 (W.D. Pa.2005) ("a nonparty can only be compelled by an issuing

court to produce documents within certain geographic limitations, usually no more than

100 miles from the nonparty's location."); *In re Subpoena to University of North

Carolina at Chapel Hill*, 367 F. Supp.2d 945 (M.D.N.C. 2005) (discussing subpoena

jurisdiction asserted by copyright owner).

A threshold inquiry for considering Rule 45 subpoenas is whether service was

properly effected. In this case, the subpoena was sent to Midcontinent via certified mail.

No personal service was conducted, nor has Midcontinent admitted or been requested to

admit service. *See* FED.R.CIV.P. 45(b). Rule 45(b)(1) normally requires a subpoena to be

delivered to the named person, with a tender of fees for one day's attendance and

mileage. No tender of witness fees of any sort were offered to Midcontinent. Failure to

tender the witness fee and mileage allowance renders a subpoena invalid. *CF & I Steel

Corporation v. Mitsui & Co. (U.S.A.), Inc.,* 713 F.2d 494 (9th Cir.1983); *see also* 9A

CHARLES ALAN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §

2454, pp. 401-03 (2008).

Further, even if personal attendance is not required, Rule 45(b)(1) indicates that if a subpoena "commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served, a notice must be served on each party." There is no indication of the service and filing of such a notice in this instance. "A party may only be compelled to comply with a properly issued and served subpoena." *Smith v. Midland Brake, Inc.*, 162 F.R.D. 683, 686 (D. Kan. 1995).

Further, if Midcontinent were required to produce this information, it may have to, or in an abundance of caution would, notify its customers that their personal information was being disclosed to a third party. *See* 47 U.S.C. § 551(c) (The Cable Communications Policy Act). *See also Arista Records, LLC v. Does 1-12*, 2008 WL 4133874 (E.D. Cal., Sept. 4, 2008); *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597 (N.D. Cal., April 19, 2006). This pre-disclosure notification would increase Midcontinent's costs of compliance, and the party seeking the disclosure should bear that cost, not Midcontinent. *Guy Chem. Co., Inc. v. Romaco AG*, 243 F.R.D. 310, 313 (N.D. Ind. 2007) ("Non-parties understandably object to paying the litigation costs of other parties. *See Cusumano v. Microsoft Corp.,* 162 F.3d 708, 717 (1st Cir.1998); *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir.1980); *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y.1996). Simply put, it is not [the non-party recipient of the subpoena's] lawsuit and they should not have to pay for the costs associated with someone else's dispute. Not only is it fundamentally unfair for non-parties to bear the significant litigation costs of others, but also if this Court were to allow

5

litigating parties . . . to impose such a burden on non-parties, then the likelihood of cooperation by non-parties in the future would be placed in jeopardy.").

It should be noted that the subpoena at issue in this matter purports to require Midcontinent to reveal highly personal information of purported customers, including names and addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, all without notice to the potential customers. LFP Internet Group, LLC's purpose in obtaining this information is to sue the individuals for copyright violation. Although not squarely on point, this action runs counter to certain statements expressed in *In re Charter Communications, Inc.*, 393 F.3d 771 (8th Cir. 2005). In *Charter*, copyright owners wanted to obtain and serve subpoenas on internet service providers (ISPs), like Midcontinent, to obtain personal information of the ISPs' subscribers who were alleged to be violating copyrights. *Id.* at 772-73. After the district court issued such a subpoena, the Eighth Circuit reversed. *Id.* The Court issued its ruling on the basis of the Digital Millennium Copyright Act (DMCA), 17 U.S.D. § 512(h), and its subpoena mechanism. *Id.* at 775-78.

The party which had been subject to the subpoena had not only questioned its validity under the DMCA, but had also asserted other issues. *Id.* at 775. Because the Court was able to reach its decision under the DMCA, it did not rule upon Charter's other issues, but did state:

> this court has some concern with the subpoena mechanism of § 512 (h).
> We comment without deciding that this provision *may* unconstitutionally
> invade the power of the judiciary by creating a statutory framework
> pursuant to which Congress, via statute, compels a clerk of court to issue a
> subpoena, thereby invoking the court's power. Further, we believe
> Charter has at least a colorable argument that a judicial subpoena is a court
> order that must be supported by a case or controversy at the time of its
> issuance.

6

*Id.* 777-78 (emphasis in original). Given this language, there is a concern whether a case or controversy presently exists.

## Conclusion

Midcontinent respectfully asks the Court to sustain its objections and grant its motion to quash the subpoena mailed to it. At the very least, before Midcontinent is forced to reveal the names, addresses, and electronic information of its customers, the Court should require LFP Internet Group, LLC to properly serve Midcontinent with a valid subpoena from a court with subpoena power over Midcontinent. Further, avoid any undue burden upon Midcontinent, the Court should not require compliance with any such subpoena without also requiring LFP Internet Group, LLC to pay Midcontinent for its time and expenses in responding to the subpoena. Finally, Midcontinent would respectfully request the Court to consider the concerns raised in *Charter Communications*, as addressed above.

Dated at Sioux Falls, South Dakota, this 14th day of December, 2010.

DAVENPORT, EVANS, HURWITZ & SMITH, L.L.P.

Sandra Hoglund Hanson
206 West 14th Street
PO Box 1030
Sioux Falls, SD 57101-1030
Telephone: (605) 336-2880
Facsimile: (605) 335-3639
E-mail: shanson@dehs.com
  *Attorneys for Midcontinent*
  *Communications, Inc.*

## CERTIFICATE OF SERVICE

Sandra Hoglund Hanson, one of the attorneys for Midcontinent Communications,

Inc., hereby certifies that a true and correct copy of the foregoing "Brief in Support of

Motion to Quash and Objections to Subpoena" was served by mail upon:

> Evan Stone
> The Law Offices of Evan Stone
> 624 W. University Dr., #386
> Denton, TX 76201
> Email: lawoffice@wolfe-stone.com
> Telephone: (469) 248-5238
> *Attorneys for Plaintiff*

on this *14th* day of December, 2010.

Sandra Hanson